IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRON PEMBLETON, #463076,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 21-cv-01213-JPG |
| | ) |
| **RICHARD WATSON,** | ) |
| **LIEUTENANT GRIMES,** | ) |
| **OFFICER NICHOLS,** | ) |
| **SGT. MESSEY,** | ) |
| **OFFICER FUTRELL,** | ) |
| **SGT. NICHOLS,** | ) |
| **OFFICER THORPE,** | ) |
| **OFFICER IVEY,** | ) |
| **CAPT. COLLINS,** | ) |
| **SGT. MOORE,** | ) |
| **MS. MARY,** | ) |
| **ARAMARK FOOD SERVICES,** | ) |
| **GRANT MENGUS,** | ) |
| **OFFICER BRAN,** | ) |
| **SECURUS PHONE COMPANY,** | ) |
| **ST. CLAIR COUNTY JAIL,** | ) |
| **TRINITY COMMISSARY,** | ) |
| **MEDICAL SERVICES,** | ) |
| **SGT. BOONYAK, and** | ) |
| **OFFICER GERMAINE,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

This matter is now before the Court for case management. Plaintiff Tyron Pembleton filed this action pursuant to 42 U.S.C. § 1983 on October 4, 2021. (Doc. 1). He complains of constitutional deprivations at St. Clair County Jail. (*Id*.). On the date this case was opened, the Court entered a Notice and Order advising Pembleton of his ongoing obligation to notify the Court

1

and parties of any address change within seven (7) days of a relocation. (*See* Doc. 5). He was explicitly warned that the case would be dismissed for failure to do so. (*Id.*).

Pembleton's mail has since been returned to the Court undelivered because the "inmate [is] no longer in jail custody." (*See* Docs. 5-6, 8, 10-13). On October 28, 2021, the Court entered the following order:

> ORDER TO SHOW CAUSE: Plaintiff was advised of his continuing obligation to keep the Clerk of Court informed of any change in his address and that failure to timely update his address could result in dismissal of this action for want of prosecution. (See Doc. 5). One or more documents mailed to Plaintiff by the Court has been returned undeliverable. (See Docs. 5, 6, 10). Plaintiff is hereby ORDERED to SHOW CAUSE on or before NOVEMBER 11, 2021, why this action should not be dismissed based on his failure to comply with the Court's Order at Doc. 5 to update his address and for failure to prosecute his claims. Fed. R. Civ. P. 41(b). **Plaintiff is WARNED that failure to respond to this Order will result in dismissal of the action without prejudice.** The Clerk is DIRECTED to transmit a copy of this Order to Show Cause to Plaintiff at the address he most recently provided to the Court. The Court will not screen the Complaint under 28 U.S.C. 1915A until Plaintiff complies with this Order. Show Cause Response due by 11/11/2021.

(*see* Doc. 11) (emphasis added). Pembleton faced dismissal of this action, if he failed to respond to the show cause order on or before November 11, 2021. Preliminary review of this matter was deferred until he complied with the order.

Pembleton did not respond by November 11, 2021. The Court has instead received Pembleton's copy of the Notice and Order (Doc. 5) and Order to Show Cause (Doc. 11) back from his last known address at the Jail—returned undelivered because he is no longer in custody. (*See* Docs. 10 and 13). Pembleton has not notified the Court of any address changes since filing this action. In fact, the Court has heard nothing from him since October 4, 2021.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed without prejudice based on Pembleton's failure to comply with the Court's orders to update his address (Docs. 5 and 11), his failure to respond to the Order to Show Cause (Doc. 11), and his failure to prosecute his claim in this case. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993).

### Disposition

**IT IS ORDERED** that this action is **DISMISSED** without prejudice, based on Pembleton's failure to comply with multiple Court orders (Docs. 5 and 11) and his failure to prosecute his claim(s) herein. *See* FED. R. CIV. P. 41(b). The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that the pending Motion for Recruitment of Counsel (Doc. 3) is **DISMISSED** as **MOOT**.

**IT IS ORDERED** that Pembleton's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  11/17/2021**                                                 s/J. Phil Gilbert
                                                                                          **J. PHIL GILBERT**
                                                                                          **United States District Judge**